UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDIO DAREZZO,

Plaintiff,

BIRCH COFFEE MANAGEMENT LLC and
MAVE HOTEL INVESTORS LLC,

Defendants.

Case No. 19CV8437

COMPLAINT

Plaintiff, CLAUDIO DAREZZO (hereinafter the "Plaintiff'), through his undersigned counsel, hereby files this Complaint and sues BIRCH COFFEE MANAGEMENT LLC a New York limited liability corporation, d/b/a BIRCH ("Birch"), and MAVE HOTEL INVESTORS LLC (the "LLC"), a New York limited liability corporation (hereinafter, collectively, the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., of the AMERICANS WITH DISABILITIES ACT ("ADA"), the NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL"), and the NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") and alleges:

JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all

events giving rise to this lawsuit occurred in New York.

3. The remedies provided by the NYSHRL are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

4. Plaintiff was and remains a resident of the State of New York, and has a "qualified disability" under the Americans With Disability Act of 1990, as he has muscular dystrophy and requires the use of a wheelchair for mobility. The Plaintiff personally visited the premises known and designated as 21 E. 27th Street, New York, New York (“Defendants' Property”), the last time prior to the filing of this action having been on September 5, 2019, but was denied full and equal access to, and full and equal enjoyment of, the facilities at Defendants' Property, which is the subject of this lawsuit.

5. The Defendants are authorized to conduct, and are conducting, business within the State of New York. Birch is a lessee of Defendants’ Property and owns and/or operates of a coffee shop thereat.

6. The LLC is the owner, lessor and/or operator of Defendants' Property.

7. All events giving rise to this lawsuit occurred in the City of New York, State of New York. Venue is proper in this Court as the Defendants' Property is located in the State of New York.

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

8. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of the Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(a).

9. Congress found, among other things, that:

> (i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv) individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,
>
> (v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.
>
> 42 U.S.C. §12101(a)(l)-(3), (5) and (9).

10. Congress explicitly stated that the purpose of the ADA was to:

> (i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
>
> (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate

commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Property is a place of public accommodation in that it is an establishment which provides goods and services to the public.

12. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Property is a public accommodation covered by the ADA and which must be in compliance therewith.

13. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property. Prior to the filing of this lawsuit, Plaintiff personally visited Defendants' Property, with the intention of using Defendants' facilities, but was denied access to the Defendants' Property, and therefore suffered an injury in fact.

15. Plaintiff continues to desire to visit the Defendants' Property in the future, but is deterred from doing so as a result of the barrier to his entry, and continues to be injured in that he continues to be discriminated against due to the architectural barriers which remain

at Defendants' Property, all in violation of the ADA, and the NYSHRL.

16. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36.

17. The Defendants' Property is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of, inter alia, the following barriers and/or violations:

(i) Failure to provide an accessible entrance, due to a step at the outside of said entrance, and the failure to install a ramp with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance, as required by 28 C.F.R. Part 36. This step represents an insurmountable barrier to independent entry by the Plaintiff and other individuals who use wheelchairs (see ADAAG 4.1.2 (1), 4.3.2 (1), 4.1.2 (2), 4.3.2 (1), 4.5 and 4.5.2).

(ii) Failure to provide a safe and accessible means of egress for emergencies, in violation of 28 C.F.R. Part 36 (see ADAAG 4.3.10).

(iii) Failure to provide adequate directional and accurate informational signage throughout the Defendants' Property, as required by 28 C.F.R. Part 36 (see ADAAG 4.1.3(16)).

(iv) Failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36 (see ADAAG 4.30.4).

(v) Failure to provide accessible seating for patrons in wheelchairs. The failure to provide accessible seating provides an unequal benefit to non-disabled patrons. At least 5%

of the fixed tables or portion of a dining counter must be accessible (see ADAAG 5.1, 4. 4.32 and 4.35).

(vi) Failure to provide a sales counter which does not exceed 36 inches in height (see ADAAG 7.2). The failure to provide an accessible sales counter provides an unequal benefit to non-disabled patrons.

18. In addition to the foregoing, the following barriers are noted with respect to the toilet room:

a. There are no grab bars on the side and back of the toilet to assist Plaintiff. Grab bars should be installed on the side and back of the toilet so that Plaintiff may transfer to the toilet independently.

b. Plaintiff is unable to manipulate round door knobs. There are round door knobs on both sides of the bathroom door. Door hardware should be updated to have a shape that is easy to grasp with one hand and does not require twisting of the write to operate.

c. The toilet paper is too far from the toilet for a person with limited dexterity to reach. The toilet paper dispenser should be moved closer to the toilet, within 8 inches of the toilet yet not obstruct the area between the wall and the toilet.

d. The presence of lockers and trash cans obstruct the turning space Plaintiff requires within the room. All obstructions to the clear floor space required for the Plaintiff to turn inside the room should be removed and employees should be trained as to how to maintain compliance.

19. Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

20. To date, the readily achievable barriers have not been removed and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

21. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Defendants' Property to make it readily accessible to, and useable by, individuals with disabilities, to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

**COUNT II– VIOLATIONS OF THE NYCHRL**

22. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

23. The NYCHRL provides:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of the actual or perceived … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place or provider shall be refused, withheld from or denied to any person on account of … disability …

NYC Admin. Code§ 8-107(4)(a).

24. Defendants violate the NYCHRL by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of the Defendants' Property.

**COUNT III– VIOLATIONS OF THE NYSHRL**

25. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

26. The NYSHRL provides:

> (a) It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation.... because of the … disability … of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof … to the effect that any of the accommodations, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of … disability …

NYS Exec. Law§ 296 (2)(a).

27. Defendants' Property is a place of public accommodation as defined in the NYSHRL.

28. Defendants have further violated the NYSHRL by being in violation of the rights provided under the ADA.

29. Defendants also violate the NYSHRL by denying the Plaintiff full and safe access to all of the benefits, accommodations and services of Defendants’ Property.

**ATTORNEYS' FEES AND COSTS**

30. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorneys' fees, costs and expenses paid by the Defendants, pursuant to the ADA and the NYCHRL.

31. Plaintiff prays for judgment pursuant to N.Y. Exec. Law§ 297, including compensatory damages contemplated by §297(9).

**DAMAGES**

32. The Plaintiff demands Two Thousand Dollars ($2,00.00) in compensatory damages based on the Defendant's violation of the NYCHRL and the NYSHRL.

**INJUNCTIVE RELIEF**

33. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant

the Plaintiffs injunctive relief; including an order to alter the Defendants' Property to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, the NYCHRL, and the NYSHRL and closing the Defendants' Property until the requisite modifications are completed.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declares that the Defendants' Property, owned, operated, leased, controlled and/or administered by the Defendants, is violative of the ADA, the New York City Human Rights Law, and of the New York State Human Rights Law;

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA and by NYCHRL, and the NYSHRL;

C. The Court enter an Order directing the Defendants to evaluate and modify their policies, practices and procedures toward persons with disabilities;

D. The Court award reasonable attorney's fees, all costs (including, but not limited to court costs and expert fees) and other expenses of suit, and damages to the Plaintiff; and

E. The Court award such other and further relief as it deems just and proper.

Dated: September 11, 2019

Donald J. Weiss

Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440